Filed 4/8/21  P. v. Cervantes CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G058554 |
|    v. | (Super. Ct. No. 01WF2314) |
| JAVEN ANTHONY CERVANTES, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

\*       \*       \*

Defendant Javen Anthony Cervantes aided and abetted in a first-degree murder for the benefit of a gang.  The jury found true the special circumstance that he intentionally did it as an active participant in a criminal street gang.  He was sentenced to state prison for life without the possibility of parole.  We affirmed that judgment in a prior opinion.  (*People v. Ramirez* (Jan. 18, 2006, G033858) [nonpub. opn.].)  In 2019, he filed a petition under Penal Code section 1170.95, alleging he was convicted of murder under theories of the natural and probable consequences doctrine of aiding and abetting and under the felony-murder rule, and that under Penal Code sections 188 and 189, as amended, he could not now be so convicted.[1]  The court summarily denied the petition without appointing counsel, concluding Cervantes was ineligible for relief under section 1170.95.  Cervantes appealed.

We affirm.  In finding the gang special circumstance to be true, the jury necessarily found that Cervantes intended to kill.  That finding disqualifies Cervantes from obtaining relief under section 1170.95.  The court did not err in conducting its prima facie review for eligibility prior to appointing counsel.

FACTS[2]

Seventeen-year-old Guillermo Carvajal went to codefendant Richard Ramirez's house to pay off a debt owed by a family member.  Ramirez was a drug dealer.  When Carvajal arrived, Cervantes and Stanley Cruz (another codefendant) accosted Carvajal, asking him where he was from, and demanding that he show any gang tattoos.  When Carvajal said he was from the City of Artesia but not in any gangs, Cervantes and

_____

[1]     All further statutory references are to the Penal Code.

[2]     We provide only a summary of the underlying facts.  A more complete statement of facts can be found in our prior opinion.  (*People v. Ramirez*, *supra*, G033858.)

2

Cruz blocked Carvajal's exit path. The defendants were members of gangs hostile to a gang from Artesia. Cervantes went to summon Ramirez. When Ramirez learned that Carvajal was from Artesia, he told Cervantes to fetch some rope and tape, which he did, and ultimately Carvajal was killed with a lethal dose of heroin. Cervantes then helped dispose of the body and later attempted to clean the scene of the crime to destroy any evidence.

At trial, the prosecutor presented three theories of murder: the felony-murder rule, the natural and probable consequences theory of aiding and abetting, and direct aiding and abetting. Cervantes was convicted of street terrorism (§ 186.22, subd. (a)) and first-degree murder (§§ 187, subd. (a), 189, subd. (a)). As to the murder, the jury found true the special circumstance that Cervantes intentionally killed the victim while being an active participant in a criminal street gang. The jury also found true a sentencing enhancement that the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). Cervantes was sentenced to state prison for life without the possibility of parole. We affirmed that judgment in *People v. Ramirez*, *supra*, G033858.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted to "'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723; Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 amended section 188 to include the following language: "[I]n order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.) It also amended section 189, limiting the application of the felony-murder rule to defendants who were the actual killer, who

3

aided and abetted with the intent to kill, or who acted with reckless indifference to human life. In addition, Senate Bill No. 1437 added section 1170.95, which created a resentencing procedure for anyone previously convicted of murder under a theory of natural and probable consequences or felony murder and who, under the changes made by Senate Bill No. 1437, could no longer be convicted of murder.

In September 2019, Cervantes filed a petition pursuant to section 1170.95. The court summarily denied the petition, finding, "A review of court records indicates defendant is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors." Cervantes appealed from that denial.

## DISCUSSION

To be eligible for relief under section 1170.95, a defendant must show that he or she "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (*Id*., subd. (a)(3).) At trial, the prosecutor presented the jury with three different theories of murder: direct aiding and abetting, the felony-murder rule, and the natural and probable consequences theory of aiding and abetting. The jury returned a general verdict, and thus did not specify the theory on which it relied. However, the jury's true finding as to the gang-murder special circumstance necessarily means it found Cervantes intended to kill.[3] That finding disqualifies him from obtaining relief pursuant to section 1170.95.

---

[3] The enhanced penalty of life without the possibility of parole applies where "[t]he defendant *intentionally killed the victim* while the defendant was an active participant in a criminal street gang . . . and the murder was carried out to further the activities of the criminal street gang.) (§ 190.2, subd. (a)(22), italics added.)

4

The jury was instructed as follows:

"To find that the special circumstance, 'intentional killing by an active street gang member' is true, it must be proved:

"1. *The defendant intentionally killed the victim*;

"2. At the time of the killing, the defendant was an active participant in a criminal street gang;

"3. The members of that gang engaged in or have engaged in a pattern of criminal gang activity;

"4. The defendant knew that the gang members engaged in or have engaged in a pattern of criminal gang activity; and

"5. The murder was carried out to further the activities of the criminal street gang." (Italics added.)

Accordingly, in finding that circumstance to be true, the jury found that Cervantes intentionally killed Carvajal. In light of that finding, the amendments made by Senate Bill No. 1437 to sections 188 and 189 do not aid Cervantes.

The section 188 amendment added the following language: "[I]n order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.) "Malice" is defined as the "*deliberate intention* to unlawfully take away the life of a fellow creature." (§ 188, subd. (a)(1), italics added.) The jury's implied finding that Cervantes intentionally killed Carvajal means he acted at least as a direct aider and abettor. Senate Bill No. 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must act with malice. Thus, Cervantes is still guilty of murder notwithstanding the amendment to section 188.

The section 189 amendment added the following language in relation to the felony-murder rule: "(e) A participant in the perpetration or attempted perpetration of a

5

felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)  Cervantes satisfies at least subdivision (e)(2)—he acted as a direct aider and abettor.  As we held in our prior opinion, "[t]he evidence more than sufficiently supports the jury's implied findings that Cervantes knew the victim would be killed, intended to facilitate the murder, and aided its commission." (*People v. Ramirez*, *supra*, G033858.)  Thus, even if the jury relied on the felony-murder rule, Cervantes likewise is still guilty of murder notwithstanding the amendment to section 189.

Accordingly, none of the amendments introduced by Senate Bill No. 1437 would preclude his murder conviction, and thus the court did not err in denying his petition under section 1170.95.

Cervantes also claims the court erred by failing to appoint counsel.  As Cervantes notes, there is a split of authority on the issue of whether a court must appoint counsel either before, or after, making a prima facie determination on the merits of a petition under section 1170.95.  The majority of cases hold a court should first conduct a prima facie review to determine whether the petition, in light of the court file, presents an arguable claim, and appoint counsel only after the defendant meets that threshold. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139-1140, review granted Mar. 18, 2020, S260598; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328-329, review granted Mar. 18, 2020, S260493; *People v. Edwards* (2020) 48 Cal.App.5th 666, 674-675, review granted July 8, 2020, S262481; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 896-

6

902, review granted Aug. 12, 2020, S263219].)  The fundamental rationale of those decisions, which has been repeated often enough now that we will not repeat it in detail, is that section 1170.95, subdivision (c), directs the court to conduct a prima facie review for eligibility under the statute before any mention of appointing counsel.  (*Lewis* at pp. 1139-1140.)  One case, *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted November 10, 2020, S264684, disagreed and held that a court should immediately appoint counsel upon the filing of a well-pleaded petition.  (*Id*. at p. 118.)  We follow the majority position and thus conclude there was no error in the court conducting its prima facie review for eligibility under section 1170.95 without appointing counsel.

DISPOSITION

The postjudgment order is affirmed.


IKOLA, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.


7